IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| SERGIO DIAZ-ZUNIGA | ) |
| | ) |
| PLAINTIFF | ) |
| | ) |
| VS. | ) CIVIL ACTION |
| | ) |
| ERIC H. HOLDER JR., ATTORNEY GENERAL | ) |
| JOHN KERRY, SECRETARY OF STATE, | ) |
| JEH JOHNSON, SECRETARY, DEPARTMENT OF, | ) NO. |
| HOMELAND SECURITY AND UNITED STATES OF AMERICA | ) |
| | ) |
| DEFENDANTS | ) |
| | ) |

**PETITION FOR WRIT OF HABEAS CORPUS
AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

SERGIO DIAZ-ZUNIGA, who from now on will be named as the Petitioner, files the instant Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief, seeking review of an adverse agency action, under 28 U.S.C. §1331 (federal question), with the Administrative Procedure Act, 5 U.S.C. §702 et seq; 28 U.S.C. §2201 (Declaratory Judgment Act) and 8 U.S.C. §1503, (denial of rights and privileges as a U.S. Citizen).

I. **JURISDICTION AND VENUE**

1. Jurisdiction lies under 28 U.S.C. §§2241 (habeas corpus); 1331 (federal question), 28 U.S.C § 1346(a)(2) (actions against officers of the United States), 2201 et seq. (Declaratory Judgment Act), and 8 U.S.C. §1503, (denial of rights and privileges as a U.S. Citizen), and 5 U.S.C §§ 701-702 (Administrative Procedure Act).

2.     Venue is proper under 28 U.S.C § 1391 (c) and 8 U.S.C § 1503 (a). Petitioner maintains a residence at 3724 Seminole Way, Mercedes, Texas 78570. This address is within the jurisdiction of this Court.

3.     The denial of the Petitioner's application for derivative citizenship imposes significant restraints on his liberty which is not shared by the populace at large. This constitutes custody within the meaning of *Jones v. Cunningham,* 371 U.S. 236, 240 (1963), for purposes of 28 U.S.C. §2241.

## II.     THE PARTIES

4.     Petitioner is a derivative United States citizen. He was born in Estacion Ramirez, Tamaulipas, Mexico on November 8, 1964. His father is a derivative United States citizen. Petitioner maintains a residence in Mercedes, Texas. He applied for derivative citizenship on or about February 7, 2012 which was denied on September 12, 2012. An appeal to said decision was filed on October 9, 2012 but was denied on June 21, 2013.

5.     Respondent John Kerry is the duly appointed Secretary of State of the United States. He is the head of the Department of State and is responsible for setting and overseeing implementation of the policies and procedures employed by the Department of State and all its various subdivisions, including the Bureau of Consular Affairs and Passport Services Directorate. Secretary Kerry is sued here in his official capacity.

6.     Respondent Jeh Johnson is the Secretary of the Department of Homeland Security and is responsible for enforcing the Immigration and Nationality laws. Respondent Jeh Johnson is sued here in his official capacity. All parties are sued in their official capacities only. The United States of America is also named a Respondent.

### III.   FACTS

7. This is a case about the federal government denying the Petitioner his fundamental rights to due process and equal protection, and his right to not be subjected to arbitrary and capricious government action, in violation of the Constitution of the United States and federal law.

8. Petitioner is a derivative United States citizen who properly submitted a fee-paid and evidence substantiated application for a derivative citizenship to the United States Department of Homeland Security. After an initial interview at USCIS on May 8, 2012, additional evidence was requested. The evidence requested was submitted on June 27, 2012. Even though the additional evidence that was requested was timely submitted, USCIS denied Petitioner's application on September 12, 2012. (See Exhibit A)

9. Petitioner filed an appeal to the Administrative Appeals Office (AAO). This was denied on June 21, 2013 alleging that the Petitioner's father did not meet the physical presence requirement. (See Exhibit B)

10. Petitioner's evidence establishing the physical presence requirement of Serbando Diaz is attached and incorporated by reference for any and all purpose as Exhibit C.

11. Petitioner's father, Serbando Zuniga, resided in the United States from on or about 1950 to present.

12. The Department's policy and process resulted in the Petitioner being unable to obtain citizenship, violating Petitioner's rights to due process and equal protection, is arbitrary, capricious and contrary to the law.

13.     Petitioner is being denied a vital resource and right that he requires to travel, work, access affordable medical care, and maintain contact with family members outside of the United States.

14.     Petitioner alleged that the Defendants herein deprived him of due process and equal protection under the law guaranteed to him under the Fifth Amendment to the United States Constitution, as well as his rights under the Administrative Procedure Act.

15.     Petitioner brings this action for Declaratory Judgment and Injunctive Relief. He seeks a declaration of this Court under the applicable provisions of the Immigration and Nationality Act ("INA") of 1952 and the Fourteenth Amendment of the U.S. Constitution, which mandates that a person born outside of the boundaries of the United States is a U.S. citizen at birth if he can provide evidence that his U.S. citizen parent was physically present in the United States or its outlying territories for the requisite number of years.

16.     Petitioner seeks a declaration of this Court that his US citizen father met the requirements of the applicable statute and that he is a United States citizen as of the date of his birth, endowed with the privileges and immunities of a United States citizenship.

17.     Petitioner seeks judicial review of the Defendants' actions under the Administrative Procedures Act ("APA"), 5 U.S.C §702 et seq., and requests the corresponding injunctive relief from this Court.

## IV. CAUSES OF ACTION

### A. HABEAS CORPUS

18. The inability to travel freely and to participate in programs available only to United States citizens as a result of Respondents' denial of Petitioner's N-600 application (application for Certificate of citizenship) constitutes a significant restriction on his liberty. Because these restrictions are not shared by otherwise similarly situated U.S. citizens, this constitutes unlawful custody cognizable in habeas corpus under 28 U.S.C. §2241.

### B. DECLARATORY JUDGMENT

20. Petitioner has been denied rights and privileges claimed as a national of the United States, within the meaning of 8 U.S.C. §1503, by virtue of the denial of his application for Derivative Citizenship. Therefore, Petitioner is entitled to bring a declaratory judgment action, seeking a declaration that he is, indeed, a United States citizen, under 8 U.S.C. §1503.

21. The Respondents' actions have caused and will continue to cause, irreparable injury to Petitioner who has no plain, speedy and adequate remedy at law.

22. Based on the foregoing, the Court should grand declaratory and injunctive relief under 28 U.S.C §§1361, 2201, and 2202, 5 U.S.C §§ 701 – 702, and 8 U.S.C §1503.

### C. REVIEW OF ADVERSE AGENCY ACTION

23. Petitioner also seeks review of the adverse agency action, denying his application for Derivative Citizenship, under the Administrative Procedure Act. Said denial is arbitrary, capricious, contrary to law, and unsupported by substantial evidence, within the meaning of 5 U.S.C. §706.

## IV.   PRAYER

WHEREFORE, it is respectfully requested that this Court grant the requested writ, and issue a Declaratory Judgment declaring Petitioner to be United States citizens, and a permanent injunction, enjoining Respondent Kerry from not issuing him a Certificate of Citizenship. It is also requested that the Court grant such other and further relief as the Court may consider appropriate.

        Respectfully submitted by
        Law Offices of San Juanita R. Campos


        /s San Juanita R. Campos
        San Juanita R. Campos
        Attorney for Petitioner
        SBN:  03733090

        /s David Gamez
        Associate Counsel for Petitioner
        SBN: 24059799
        Law Offices of San Juanita R. Campos
        600 N. Milanos Road
        Weslaco, TX 78596
        956.973.1500 (telephone)
        956.973-9401 (fax)


## VERIFICATION

I, San Juanita R. Campos, certify under penalty of perjury that I am familiar with the history of the above case, and that the foregoing is true and correct to the best of my knowledge and belief.


        /s San Juanita R. Campos
        San Juanita R. Campos

## CERTIFICATE OF SERVICE

I certify that a courtesy copy of the foregoing was served on the following:

Department of Justice
Office of the United States Attorney General
Eric H. Holder, Jr., Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Department of State
Office of the United States Secretary of State
John Kerry, Secretary of State
U.S Department of State
2201 C Street NW
Washington, D.C 20521

Office of the Under Secretary of State for Management
Patrick J. Kennedy
U.S Department of State
2201 C Street NW
Washington, D.C 20521

Janice Jacobs, Assistant Secretary for Consular Affairs
U.S Department of State, Bureau of Consular Affairs
2201 C Street NW, Suite 6811
Washington, D.C 20521


Department of Homeland Security
Secretary Jeh Johnson
U.S Department of Homeland Security
Washington, DC 20528

Southern District of Texas
Kenneth Magidson
United States Attorney's Office
1000 Louisiana Suite 2300
Houston, Texas 77002


                                            /s San Juanita R. Campos
                                              San Juanita R. Campos
                                              Attorney for Petitioner